**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

KEVIN J. NEWPORT,              :

                              Case No. 3:07-cv-195

            Plaintiff,

                              District Judge Thomas M. Rose
                              Chief Magistrate Judge Michael R. Merz

   -vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,
            Defendant.          :

## REPORT AND RECOMMENDATIONS

Plaintiff brought this action pursuant to 42 U.S.C. §405(g), as incorporated into 42 U.S.C. §1383(c)(3), for judicial review of the final decision of Defendant Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Social Security benefits. The case is now before the Court for decision after briefing by the parties directed to the record as a whole.

Judicial review of the Commissioner's decision is limited in scope by the statute which permits judicial review, 42 U.S.C. §405(g). The Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *citing, Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence

is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law), against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939).

In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Hepner v. Mathews*, 574 F.2d 359 (6th Cir. 1978); *Houston v. Secretary of Health and Human Services*, 736 F.2d 365 (6th Cir. 1984); *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner, supra.* If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the Court as a trier of fact would have arrived at a different conclusion. *Elkins v. Secretary of Health and Human Services*, 658 F.2d 437, 439 (6th Cir. 1981).

To qualify for supplemental security income SSI benefits (SSI), a claimant must file an application and be an "eligible individual" as defined in the Social Security Act. 42 U.S.C. §1381a. With respect to the present case, eligibility is dependent upon disability, income, and other financial resources. 42 U.S.C. §1382(a). To establish disability, a claimant must show that the claimant is suffering from a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §1382c(a)(A). A claimant must also show that the impairment precludes performance of the claimant's former job or any other substantial gainful work which exists in the national economy in significant numbers. 42 U.S.C. §1382c(a)(3)(B). Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits

prior to the date that the claimant files an SSI application.  *See,* 20 C.F.R. §416.335.

The Commissioner has established a sequential evaluation process for disability determinations.  20 C.F.R. §404.1520 .  First, if the claimant is currently engaged in substantial gainful activity, the claimant is found not disabled.  Second, if the claimant is not presently engaged in substantial gainful activity, the Commissioner determines if the claimant has a severe impairment or impairments;  if not, the claimant is found not disabled. Third, if the claimant has a severe impairment, it is compared with the Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1 . If the impairment is listed or is medically equivalent to a listed impairment, the claimant is found disabled and benefits are awarded.  20 C.F.R. §404.1520(d).  Fourth, if the claimant's impairments do not meet or equal a listed impairment, the Commissioner determines if the impairments prevent the claimant from returning to his regular previous employment;  if not, the claimant is found not disabled.  Fifth, if the claimant is unable to return to his regular previous employment, he has established a *prima facie* case of disability and the burden of proof shifts to the Commissioner to show that there is work which exists in significant numbers in the national economy which the claimant can perform.  *Bowen v. Yuckert,* 482 U.S. 137, 145, n.5 (1987).

Plaintiff filed an application for SSI with a protective filing date of February 21, 2003, alleging disability from December 31, 1996, due to major depression, post-traumatic stress disorder, degenerative disc disease, and a disc protrusion.  (Tr. 95-97; 112-21).  Plaintiff's application was denied initially and on reconsideration.  (Tr. 77-81; 83-85).  A hearing was held before Administrative Law Judge Thomas McNichols, (Tr. 31-74), who determined that Plaintiff is not disabled. (Tr. 15-25).  The Appeals Council denied Plaintiff's request for review, (Tr. 6-8), and Judge McNichols' decision became the Commissioner's final decision.

In determining that Plaintiff is not disabled, Judge McNichols found that Plaintiff has severe chronic low back pain attributed to degenerative disc disease, diabetes, depression, and a post-traumatic stress disorder, but that he does not have an impairment or combination of impairments that meets or equals the Listings. (Tr. 20, ¶ 2; Tr. 21, ¶ 3). Judge McNichols also found that Plaintiff has the residual functional capacity to perform a limited range of light work. (Tr. 21-22, ¶ 4. Judge McNichols then used section 202.18 of the Grid as a framework for deciding, coupled with a vocational expert's (VE) testimony, and found that there is a significant number of jobs in the economy that Plaintiff is capable of performing. (Tr. 24, ¶¶ 8, 9). Judge McNichols concluded that Plaintiff is not disabled and therefore not entitled to benefits under the Act. (Tr. 25, ¶ 10).

In his Statement of Errors, Plaintiff does not challenge the Commissioner's findings as to his physical residual functional capacity. (Doc. 7; Doc. 9) Rather, Plaintiff challenges only the Commissioner's findings as to his alleged mental impairment. (Doc. 7). Therefore, the Court will focus its review of the medical evidence on that related to Plaintiff's alleged mental impairment.

Examining psychologist Dr. Schulz reported on June 16, 2003, that Plaintiff had a history of counseling in about November, 2002, for help in coping with the death of his son, was still in counseling, had alcohol abuse treatment in 1985, last drank in 1985, completed school through the eighth grade, exhibited low energy, reported he had hallucinations and heard voices, and that demons torment him about the fire [in which his son died] telling him it was his fault. (Tr. 216-23). Dr. Schulz also reported that Plaintiff's affect was appropriate and congruent, his mood was euthymic to depressed, he exhibited saddened facial musculature, his long-term memory was in the borderline range, and his fund of knowledge placed him in the extremely low range. *Id.* Dr. Schulz

noted that Plaintiff was alert and oriented, appeared to have judgment sufficient to make life decisions and conduct his own living arrangements, and that he would likely be able to manage any funds granted. *Id.* Dr. Schulz opined that Plaintiff's diagnosis was major depression and he assigned Plaintiff a GAF of 50. *Id.* Dr. Schulz also opined that Plaintiff's abilities to relate to others, to understand, remember, and follow instructions, and to maintain attention and concentration to perform simple repetitive tasks were mildly impaired and that his ability to withstand the stress and pressures associated with day-to-day work activity was moderately to severely impaired. *Id.*

Plaintiff has received mental health treatment primarily from various mental health therapists, as well as case workers and nurses, at TNC Behavioral Health Services since 1993, and continued to receive treatment at that facility through at least November, 2005. (Tr. 432-503; 543-55; 572-82). Psychiatrist Dr. Blachly-Flanagan has also seen Plaintiff at TNC primarily for medication management. *Id.* Specifically, she saw Plaintiff on January 29, February 28, April 11, June 13, September 19, and December 12, 2003. (Tr. 504-16). Similarly, Dr. Blachly-Flanagan saw Plaintiff on five occasions in 2004. *Id.* On January 7, 2005, Dr. Blachly-Flanagan reported that Plaintiff's diagnoses were major depression, recurrent and severe, with psychotic features, and post-traumatic stress disorder. *Id.* Dr. Blachly-Flanagan also reported that Plaintiff was not able to perform most work-related mental activities, that he had marked restrictions of activities of daily living, marked difficulties in maintaining social functioning, and moderate deficiencies of concentration, persistence, or pace. *Id.* Dr. Blachly-Flanagan noted that Plaintiff had good to fair abilities to make occupational and personal/social adjustments and fair abilities to make performance adjustments. *Id.* Dr. Blachly-Flanagan noted that she did not observe most of the limitations she

5

described but that her conclusions were based on her interviews with Plaintiff about his occupational history. *Id.*

In his Statement of Errors, Plaintiff essentially alleges that the Commissioner erred by rejecting Dr. Blachly-Flanagan's opinion about his ability to handle stress. (Doc. 7). Plaintiff's position is that his alleged mental impairment limits his ability to cope with his pain and physical limitations and impairs his ability to interact with others. *Id.*; Doc. 9.

In general, the opinions of treating physicians are entitled to controlling weight. *Cruse v. Commissioner of Social Security*, 502 F.3d 532, 540 (6th Cir. 2007), *citing, Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997) (citing 20 C.F.R. § 404.1527(d)(2) (1997)). In other words, greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians. *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 242, (6th Cir. 2007), citing *Wilson v. Commissioner of Social Security,* 378 F.3d 541, 544 (6th Cir. 2004). "A physician qualifies as a treating source if the claimant sees her 'with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition.'" *Cruse,* 502 F.3d at 540 (alteration in original) (quoting 20 C.F.R. § 404.1502). However, a treating physician's statement that a claimant is disabled is of course not determinative of the ultimate issue. *Landsaw v. Secretary of Health and Human Services,* 803 F.2d 211, 213 (6th Cir. 1986). A treating physician's opinion is to be given controlling weight if it is well supported by medically acceptable clinical and laboratory techniques and it is not inconsistent with the other substantial evidence in the record. *Cutlip v. Secretary of Health and Human Services,* 25 F.3d 284 (6th Cir. 1994).

While it is true that a treating physician's opinion is to be given greater weight than

that of either a one-time examining physician or a non-examining medical advisor, that is only appropriate if the treating physician supplies sufficient medical data to substantiate that opinion. *See, Kirk v. Secretary of Health and Human Services,* 667 F.2d 524 (6th Cir. 1981), *cert. denied,* 461 U.S. 957 (1983); *see also, Bogle v. Sullivan,* 998 F.2d 342 (6th Cir. 1993).  A treating physician's broad conclusory formulations regarding the ultimate issue of disability, which must be decided by the Commissioner, are not determinative of the question of whether an individual is under a disability.  *Id.*  Further, the Commissioner may properly reject a treating physician's opinion if it is not supported by sufficient medical data or if it is inconsistent with the other evidence of record. *Cf., Kirk, supra; see also, Walters, supra.*

The Commissioner's regulations provide that a treating physician's opinion will be given controlling weight if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence ... in [the] record ... ."  20 C.F.R. §416.927(d)(2).  The regulations provide further that when a treating physician's opinion is not given controlling weight, the Commissioner is to consider certain factors in determining what weight to give the opinion.  *Id.*  These factors include length of the treatment relationship, frequency of examination, nature and extent of the treatment relationship, the extent to which the opinion is supported by medical signs and laboratory findings, the consistency of the opinion with the record as a whole, and the physician's area of specialty.  20 C.F.R. §416.927(d)(2)-(6).

In rejecting Dr. Blachly-Flanagan's opinion that Plaintiff is essentially markedly limited in his abilities to perform substantial gainful activity, Judge McNichols noted that Dr. Blachly-Flanagan had a limited relationship with Plaintiff. (Tr. 23).  In addition, he determined that

her opinion was internally inconsistent, was not supported by the clinical evidence of record, and was inconsistent with the other evidence of record. *Id.*

As noted above, Plaintiff received mental health treatment at TNC primarily from mental health therapists as well as case workers and nurses. As also noted above, the records from TNC reveal that Plaintiff saw Dr. Blachly-Flanagan on total of eleven (11) occasions during a two-year period and that those visits were primarily for medication management. Indeed, almost all of the clinical notes from TNC were written by mental health professionals other than Dr. Blachly-Flanagan.

In her January, 2005, report in which she essentially opined that Plaintiff is disabled, while Dr. Blachly-Flanagan reported that Plaintiff was impaired in his interactions with others, she reported elsewhere in that document that Plaintiff did not have problems in responding appropriately to supervision, co-workers, and work-pressures. *Compare* Tr. 506 *with* Tr. 507. In addition, and in contrast to her opinion that Plaintiff did not have problems in responding appropriately to others, Dr. Blachly-Flanagan also reported that Plaintiff could not work with others due to his emotionally unstable behaviors. (Tr. 509). As further example of the internal inconsistencies in Dr. Blachly-Flanagan's report, while she noted that Plaintiff responded appropriately to supervision, she also noted that Plaintiff could not accept instructions or respond appropriately to criticism from supervisors. *Compare* Tr. 507, *with* Tr. 512.

As noted above, most of the clinical notes from TNC were written by health care providers other than Dr. Blachly-Flanagan and those notes reflect primarily a recitation of Plaintiff's subjective complaints. They contain few objective findings and observations which would support the conclusion that Plaintiff is disabled by his alleged mental impairment.

8

Finally, Dr. Blachly-Flanagan's opinion is inconsistent with examining psychologist Dr. Schulz's findings and opinion as well as the reviewing mental health experts' opinions. *See* Tr. 224-37; 257-74). Specifically, Dr. Schulz reported that while Plaintiff's mood was depressed, his affect was appropriate and congruent, he was cooperative, alert and oriented, had sufficient judgment, and that he exhibited no speech abnormalities. Dr. Schulz opined that while his ability to deal with the stresses of day-to-day work was moderately to severely impaired, Plaintiff's abilities to relate to others, understand, remember, and follow instructions, and maintain attention and concentration were, at worst, mildly to minimally impaired.

Under these facts, this Court cannot say that the Commissioner erred by rejecting Dr. Blachly-Flanagan's opinion.

Our duty on appeal is not to re-weigh the evidence, but to determine whether the decision below is supported by substantial evidence. *See, Raisor v. Schweiker,* 540 F.Supp. 686 (S.D.Ohio 1982). The evidence "must do more than create a suspicion of the existence of the fact to be established. ... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Secretary of Health and Human Services,* 802 F.2d 839, 840 (6th Cir. 1986), *quoting, NLRB v. Columbian Enameling & Stamping Co.,* 306 U.S. 292, 300 (1939). The Commissioner's decision in this case is supported by such evidence.

It is therefore recommended that the Commissioner's decision that Plaintiff was not disabled and therefore not entitled to benefits under the Act be affirmed.

February 13, 2008.

                 *s/ Michael R. Merz*
                 Chief United States Magistrate Judge

NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).